IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JEREMY LYNN SAUNDERS

Petitioner,

v.                                          CRIMINAL ACTION NO. 2:15-cr-002

UNITED STATES OF AMERICA,

Respondent.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is *pro se* litigant Jeremy Lynn Saunders's ("Petitioner") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal custody pursuant to Title 28, United States Code, Section 2255 ("§ 2255 Motion"). Having reviewed the motions and filings, the Court finds that a hearing is not necessary to address Petitioner's motion. For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

This case involves various narcotics distribution crimes that Petitioner committed with his brother. ECF No. 1, 3. In connection with these crimes, a grand jury indicted Jeremy Saunders on January 7, 2015. ECF No. 21. Petitioner pled guilty to Counts 1 and 8, drug conspiracy and possession of a firearm in furtherance of that conspiracy. ECF No. 28. Petitioner signed the Plea Agreement, initialed each page, indicated that he understood the possible punishments, and waived the right to appeal a sentence within the statutory maximum. ECF No. 28 at 1-3. Petitioner further indicated and his counsel affirmed that they had reviewed the charges and penalties, and that Petitioner knew and understood the agreement's terms. *Id.* at 13.

1

Petitioner pled guilty to Counts 1 and 8 at a change of plea hearing before this Court on January 20, 2015. ECF No. 27. He indicated that he was satisfied with his counsel, and that he entered this plea agreement willingly. ECF No. 45 at 3-4. Petitioner also indicated that he waived his rights to trial and appeal by entering this guilty plea. *Id.* at 6-7. The Court accepted the guilty plea, and noted that Petitioner made the plea knowingly and voluntarily. *Id.* at 15.

Petitioner's court-appointed counsel, Mr. Gantous, filed a Motion to Withdraw as Counsel on February 20, 2015, the court granted the motion after a hearing on March 10, 2015, and appointed a new counsel, Mr. Theuer, to represent Petitioner. ECF Nos. 33, 35, 36. Petitioner challenged his plea in a Motion to Withdraw. ECF No. 39. The Court held a hearing on this matter and subsequently denied the motion after consideration of the parties' arguments and a thorough review of the guilty plea colloquy. ECF No. 47. On September 14, 2015, Petitioner appealed to the Fourth Circuit Court of Appeals ("Fourth Circuit"). Case No. 15-4413, Docket No. 12. Petitioner's attorney submitted an *Anders* brief and Petitioner also submitted a *pro se* supplemental brief and asserted that his guilty plea was neither knowing nor voluntary. Case No. 15-4413, Docket No. 12, 22. On January 6, 2016, the Fourth Circuit affirmed this Court's denial of the motion to withdraw finding "no doubt that Saunders knowingly and voluntarily entered his plea and that the plea was supported by an independent basis in fact." Case No. 15-4413, Docket No. 23, at 3.

Petitioner then filed the instant motion on May 15, 2017, and requested that this Court vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 134. The United States responded to Petitioner's Motion on July 10, 2017, and Petitioner replied on August 3, 2017. ECF Nos. 136-137.

## II. LEGAL STANDARDS

### A. Section 2255 Generally

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 Petition. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978) (providing that a *pro se* petitioner is entitled to have his petition construed liberally and is held to less stringent standards than an attorney drafting such a complaint).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Ineffective assistance of counsel claims,

however, should generally be raised in a collateral motion instead of on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

### B. Ineffective Assistance of Counsel

A viable claim alleging the ineffective assistance of counsel arises when "the counsel's conduct so undermined the proper functioning of the adversarial process that the trial did not result in a just outcome." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove a claim of ineffective assistance of counsel, a petitioner must make two showings. *Id.* at 687.

First, a petitioner must show that counsel's performance was deficient. *Id.* In other words, counsel's errors must have been so serious that he or she was not actually functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* In order to demonstrate deficient performance, a petitioner must show "that counsel's representation fell below an objective standard of reasonableness" under the prevailing norms of the legal community. *Id.* at 688.

"Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. That presumption is even greater when counsel's decisions represent strategic, tactical decisions requiring "assessment and balancing of perceived benefits against perceived risks." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). A petitioner bears the burden of rebutting this presumption. *Strickland*, 466 U.S. at 689.

Second, a petitioner must show that the deficient performance prejudiced the defense. *Id.* at 687. In other words, counsel's errors must have been so serious that the petitioner was deprived of a fair trial with a reliable result. *Id.* To demonstrate prejudice, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court defined a

reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* In short, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgement of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Instead, to prevail on the prejudice prong, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### C. Hearing Requirement

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Ineffective assistance of counsel claims, however, should generally be raised in a collateral motion instead of on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

## III. DISCUSSION

Having thoroughly reviewed the motions and filings, the Court finds that a hearing is not necessary and will address each of Petitioner's arguments in turn.

### A. Ground One: Ineffective Assistance of Counsel

Petitioner first claims that his counsel during trial was ineffective. He alleges that his attorney, Mr. Gantous, withheld discovery from him during trial, and that this negates the voluntary and knowing nature of his guilty plea. ECF No. 137 at 1-5. The government argues in opposition that Petitioner is merely attempting to gain another bite at the apple by filing this

5

petition, and that the claim is precluded by its resolution on appeal and on the merits. ECF No. 136 at 11-19.

This Court denies Petitioner's ineffective assistance of counsel claim under the Sixth Amendment for two reasons. First, the Petitioner cannot re-litigate the issue of his voluntary and knowing guilty plea because that issue was already decided in finality by the United States Court of Appeals for the Fourth Circuit. Second, even if granted the opportunity to re-litigate this claim, Petitioner has failed to show ineffective assistance of counsel on the merits.

    i. <u>Ineffective assistance of counsel claim is precluded because it was resolved on appeal.</u>

Section 2255 allows defendants to challenge the validity of their conviction when the underlying guilty plea was not knowing and voluntary. *See United States v. Broce*, 488 U.S. 563, 569 (1989). However, § 2255 does not permit a petitioner to get around a prior ruling on the same issue. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

Here, the Petitioner raised the ground on which his claim of ineffective assistance of counsel is based during his appeal, and the Fourth Circuit found no merit to this claim. *United States v. Saunders*, 627 F. App'x 276, 276-77 (4th Cir. 2016) (*per curiam*). Specifically, the Fourth Circuit found that "the plea colloquy leaves us with no doubt that Saunders knowingly and voluntarily entered his plea and that the plea was supported by an independent basis in fact." *Id.* at 277. The Fourth Circuit also affirmed this Court's denial of the Petitioner's motion to withdraw his guilty plea due to any ineffective assistance of counsel. Each claim that the Petitioner raises in this effort has been previously raised to the Fourth Circuit, was resolved on appeal, and therefore cannot be re-litigated before this Court under § 2255.

ii. Ineffective assistance of counsel claim also fails on the merits under *Strickland*.

The Petitioner has also failed to prove that his counsel was ineffective on the merits of that claim. The *Strickland* test applies to claims of ineffective assistance of counsel during trial, the counselor's performance must be constitutionally deficient, and there must have been prejudice resulting from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). Here, Petitioner fails to satisfy either component of that test.

First, Petitioner fails to show that defense counsel's performance was deficient. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. That presumption is even greater when counsel's decisions represent strategic, tactical decisions requiring "assessment and balancing of perceived benefits against perceived risks." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004).

Counsel necessarily makes numerous tactical decisions during the various phases of a criminal proceeding and thus "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *See Strickland*, 466 U.S. at 689. Indeed, tactical trial decisions are "left to the judgment of counsel," and absent a few "fundamental issues that must be personally decided by the client," *e.g.*, pleading guilty, waiving jury rights, appealing a conviction, or taking the stand, "[c]ounsel need not consult with the client about the matter or obtain the client's consent." *United States v. Chapman*, 593 F.3d 365, 369 (4th Cir.2010).

Here, Petitioner fails to present sufficient evidence to overcome the presumption that counsel's performance was adequate. As the Court previously found in denying the motion to

withdraw the guilty plea, Petitioner "had the close assistance of competent counsel who assisted him in negotiating a decrease in the mandatory minimum sentence the [Petitioner] would face." ECF No. 47 at 1. Second, even if Petitioner's claims regarding Mr. Gantous' actions in withholding Petitioner's motion of discovery until he pled guilty were meritorious, it is insufficient to qualify as ineffective counsel under *Strickland*. In this case, the Court heard testimony that although Mr. Gantous did not physically give Petitioner the discovery materials until his plea hearing, they reviewed and discussed the items on several occasions. *See* Mot. To Withdraw Tr., ECF No. 44 at 9. Further, Petitioner also received a reverse proffer with his counsel present that allowed him an extensive interview and conference with the United States where evidence and potential penalties were discussed. *Id.* at 10, 22. Given the totality of circumstances, the Court cannot find that Mr. Gantous' conduct fell below an objective standard of reasonableness under the prevailing norms of the legal community. *See Strickland*, 466 U.S. at 688. Moreover, the Court cannot find that Petitioner was prejudiced where "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgement of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Here, the Court cannot reasonably conclude that Petitioner was prejudiced because he did not receive discovery materials given that Petitioner failed to raise this issue at his guilty plea hearing. Under oath, Petitioner stated that he had sufficient time to confer with counsel to prepare for the hearing, he was satisfied with counsel, and it was his sole decision to plead guilty:

> **THE COURT.** Did you discuss each paragraph of it [plea agreement] with your counsel?
>
> **DEFENDANT.** Yes, sir.

> THE COURT. Did anyone force you to enter into this Plea Agreement?
>
> DEFENDANT. No, sir.
>
>
> THE COURT. Do you understand you have a right to plead not guilty to this charge and simply go to trial?
>
> DEFENDANT. Yes, sir.
>
>
> THE COURT. Have you had a fair discussion with your counsel about waiving or giving up these [trial] rights by entering a plea?
>
> DEFENDANT. Yes, sir.
>
>
> THE COURT. Do you wish to give up these rights in order to enter your plea?
>
> DEFENDANT. Yes, sir.

*See* Guilty Plea Tr. at 4,8-9, ECF No. 43.

The plea colloquy demonstrates that Petitioner had ample opportunity to raise any issue regarding receipt of discovery materials. Indeed, if Petitioner was displeased with counsel's performance regarding discovery, that issue should have been raised to the Court prior to Petitioner proceeding forward. The Court is not convinced that Defendant was prejudiced when Defendant knowingly and voluntarily chose not to raise these issues and plead guilty. *See Blackledge v. Allison*, 431 U.S. 63,74 (1977 (holding that a defendant's solemn declaration in open court carry a strong presumption of verity and contentions squarely in the face of the record are wholly incredible); *see also United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005) ("In the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established . . . and a district court should, without holding an evidentiary hearing, dismiss any §2255 motion that necessarily relies on allegations that

contradict the sworn statements."). Accordingly, Petitioner's claim of ineffective assistance of counsel fails.

**B. Grounds Two and Three: Violations of Fourth and Fifth Amendments**

Petitioner's second and third claims are that his Fourth and Fifth Amendment rights were violated. ECF No. 134 at 11-18. He alleges that he was improperly arrested, and that the use of a "misleading affidavit" caused the Court to deprive him of freedom in violation of his Fifth Amendment Due Process rights. *Id.* at 11-16. Further, he alleges that the indictment is void because he was not given the opportunity to see the affidavit it was based on. *Id.* Moreover, Petitioner claims that a DEA agent harassed his fiancée and pressured him, and that there is a proffer letter with his counsel's name. *Id.*

In opposition, the Government argues that Petitioner's claims are procedurally defaulted. ECF No. 136 at 8-10. Further, the Government contends that Petitioner fails to raise cognizable grounds for challenging his sentence under § 2255. *Id.* Further, the Government argues that nothing Petitioner alleges arises to the level of a constitutional violation. *Id.*

The Court finds that the Petitioner's Fourth and Fifth Amendment claims fail for two reasons. First, the Petitioner's claims are procedurally defaulted because he failed to raise them on appeal in an articulable fashion. Second, Petitioner failed to demonstrate cognizable Fourth and Fifth Amendment claims.

i. Procedural Default

When a guilty plea is entered, collateral review is only appropriate in "strictly limited" circumstances. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979)). Importantly, where the accused has made "a voluntary and intelligent plea of guilty", "advised by competent counsel", the verdict may not be

10

collaterally attacked. Further, "where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and 'actual prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Here, Petitioner's case was resolved with a guilty plea. Therefore collateral review of the case generally cannot look beyond a review of the voluntary and intelligent nature of that guilty plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989). Even to the extent that collateral review could address issues beyond the voluntariness of the plea, these claims are procedurally defaulted because the Petitioner failed to raise them in articulable fashion on direct appeal to the Fourth Circuit. *See United States v. Frady*, 456 U.S. 152, 162-66 (1982); *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). The fact that Petitioner waived his right to appeal in the plea agreement is not sufficient to excuse his failure to raise his Fourth and Fifth Amendment claims in his appeal to the Fourth Circuit, and the resultant procedural default. *See United States v. Jones*, 1995 WL 321263, at *1 (4th Cir. May 30, 1995).

   *a. Cause and prejudice*

When a claim is procedurally default, the Petitioner must show cause and actual prejudice in order to raise those claims on collateral appeal. *Bousley v. United States,* 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986)). This standard is significantly higher than the standard for the same claims raised on direct appeal. *Frady*, 456 U.S. at 166. Petitioner may show "cause" by illustrating that "some objective factor external to the defense", such as official interference by government officials, made it impracticable for the Petitioner to raise these claims on direct appeal. *See McCleskey v. Zant*, 499 U.S. 467, 493-94

(1991). Even after proving the cause element, however, the Petitioner must also show that actual prejudice resulted from the alleged errors. *Bousley*, 523 U.S. at 622.

Here, the Petitioner has failed to prove either element. First, he has not shown that any external factor prevented him from raising or made it impracticable for him to raise these Fourth and Fifth Amendment claims on direct appeal. Further, he has not shown that he was actually prejudiced by these alleged Constitutional errors. Therefore, these claims are still procedurally defaulted, and cannot be raised on collateral review before this Court.

### b. Actual Innocence

Absent a showing of cause and actual prejudice, the Petitioner may only raise procedurally defaulted claims if he demonstrates that he is actually innocent. The Petitioner does not allege that he is actually innocent of the crimes he pled guilty to at trial. Thus the Petitioner fails this prong too, and again is unable to raise his Fourth and Fifth Amendment claims because he failed to raise them on direct appeal.

### ii. Petitioner failed to demonstrate the merits of his Fourth and Fifth Amendment Claims

Even if the Petitioner could raise his Fourth and Fifth Amendment claims before this Court, he would bear the burden of proof to show that his allegations are valid. *Tsoa v. United States*, No. 1:16cv310, slip op. at 1 (E.D. Va. Nov. 1, 2016) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). In order to have a valid claim, the Petitioner would have to show both that his allegations in the petition are true and that those facts amounted to a constitutional violation or a "fundamental defect" that resulted in a "complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Here, Petitioner alleges that his indictment was invalid because it was based on a "misleading affidavit", that he was improperly arrested, that a DEA agent harassed Petitioner's

fiancée, and that a proffer letter including the name of his counsel exists. Even if true, these facts do not amount to violations of the Petitioner's Constitutional rights. The Petitioner fails to raise cognizable Fourth and Fifth Amendment claims and further fails to demonstrate that the claims he did have merit. Because he bears the burden of proof for asserting and proving these claims, they fail. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

## IV. CONCLUSION

For the reasons set forth above, the Court finds it clear from the pleadings and filings that Petitioner is not entitled to relief. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**.

Pursuant to Federal Rule of Appellate Procedure 22(b)(1), this Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner has not set forth a specific issue that demonstrates a substantial showing of a denial of a constitutional right. Because Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, a Certificate of Appealability is **DENIED**.

The Court **DIRECTS** the Clerk to electronically provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 7, 2018

/s/
Raymond A. Jackson
United States District Judge